IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Smith Land & Improvement          :
Corporation,                      :
                    Appellant     :
                                  :
        v.                        :  No. 174 C.D. 2023
                                  :
Swatara Township Zoning Hearing   :
Board                             :  Argued: December 4, 2023

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                              FILED: January 17, 2024

Currently before us is Appellant Smith Land & Improvement Corporation's (Smith Land) appeal of an order issued by the Court of Common Pleas of Dauphin County (Common Pleas) on February 16, 2023. Therein, Common Pleas affirmed Appellee Swatara Township (Township) Zoning Hearing Board's (ZHB) August 9, 2022 decision (Decision), through which the ZHB denied Smith Land's appeal of the Township zoning officer's denial of a conditional use application. After thorough review, we vacate Common Pleas' order and remand this matter for further proceedings consistent with this opinion.

## I. Background

This matter pertains to three contiguous properties situated along Route 322 in the Township, each of which are owned by Smith Land. Decision, Findings of Fact (F.F.) ¶1. Portions of these properties are zoned as C-G General Commercial. *Id.*, F.F. ¶ 2. In 2017, the Township's Board of Commissioners (Commissioners)

enacted Ordinance No. 2017-7,[1] which amended the Township's Zoning Ordinance[2] to permit warehousing as a conditional use for properties in the C-G district, including those owned by Smith Land. *Id.*, F.F. ¶¶5, 9; Reproduced Record (R.R.) at 29a.

Roughly five years later, the Commissioners had a collective change of heart and took several steps that ultimately resulted in warehousing being removed from the Zoning Ordinance's list of authorized conditional uses for this district. First, on February 2, 2022, the Commissioners approved a motion that called for considering whether to repeal Ordinance No. 2017-7 and, in addition, scheduled a public hearing for March 9, 2022, at which the issue would be debated. Decision, F.F. ¶8; R.R. at 4a-5a. Second, on March 9, 2022, the Commissioners passed a resolution, which purported "to approve the pending ordinance doctrine and thereby mak[e] immediately effective an ordinance repealing and replacing Ordinance [No.] 2017-7[.]" Decision, F.F. ¶9; R.R. at 9a. Finally, on April 6, 2022, the Commissioners enacted Ordinance No. 2022-02,[3] which formally repealed Ordinance No. 2017-7 and expressly designated warehousing as a use that was not permitted in the C-G district. Decision, F.F. ¶10; R.R. at 25a, 29a.

The Commissioners' adoption of Ordinance No. 2022-02 was preceded, if only just barely, by Smith Land's filing of a conditional use application (Application), through which Smith Land sought authorization from the Township

---

[1] Swatara Township, Dauphin County, Pa., Ordinance No. 2017-7 (2017).

[2] Swatara Township Zoning Ordinance of 2010, Dauphin County, Pa., *as amended* (2010).

[3] Swatara Township, Dauphin County, Pa., Ordinance No. 2022-02 (2022).

to build four warehouses on its properties along Route 322.[4] R.R. at 12a-23a. Smith Land submitted its Application to Robert Ihlen, the Township's code enforcement/zoning officer, at approximately 11 a.m. on April 6, 2022, roughly eight-and-one-half hours before the Ordinance No. 2022-02 became law. Decision, F.F. ¶¶4, 6; R.R. at 25a. On May 10, 2022, Ihlen notified Smith Land that he had denied its Application, due to the fact that, under Ordinance No. 2022-02, warehousing is not a permitted primary use in the Township's C-G district. R.R. at 38a.

Smith Land responded by taking successive actions that eventually produced the matter that is currently before us. First, Smith Land appealed Ihlen's determination to the ZHB on June 8, 2022, which then held a hearing and unanimously voted to deny Smith Land's appeal on July 14, 2022, before issuing its formal Decision memorializing that denial on August 9, 2022. Smith Land then appealed the ZHB's Decision to Common Pleas on September 2, 2022, which took no additional evidence and, on February 16, 2023, affirmed the ZHB, in full. Having thus failed to secure relief below, Smith Land then elected to file the instant appeal with our Court.

## II. Discussion

Smith Land offers three arguments for our consideration, which we reorder and summarize as follows.[5] First, the ZHB erred as a matter of law when it concluded

---

[4] Per the Application, three of the proposed warehouses would be erected within the C-G-zoned portions of the properties, while the remaining warehouse would be situated in a section of the properties that is zoned as M-L light manufacturing. R.R. at 15a.

[5] As Common Pleas took no additional evidence, our standard of review is restricted to determining whether the ZHB committed an abuse of discretion or an error of law in this matter. **(Footnote continued on next page…)**

3

that Ihlen, as the Township's zoning officer, had authority under the Pennsylvania Municipalities Planning Code (MPC)[6] and the Township's Zoning Ordinance to deny the Application. Smith Land's Br. at 11-18. Second, even if Ihlen did have such authority, the ZHB nevertheless erred by denying Smith Land's appeal, because (1) the pending ordinance doctrine does not apply in the context of conditional use applications, and (2) warehousing was an authorized conditional use in the Township's C-G district at the time of the Application's filing. *Id.* at 18-26. Finally, Common Pleas erred by ruling that the ZHB's March 9, 2022 resolution "effectively" made warehousing an unauthorized use in the C-G district from that date forward. *Id.* at 8-11.

We agree with Smith Land that Ihlen, acting as the Township's zoning officer, had no authority to deny (or, for that matter, grant) the Application. As set forth in the MPC, a municipality is allowed to include in its zoning ordinance "provisions for conditional uses to be allowed or denied by the governing body after recommendations by the planning agency and hearing, pursuant to express standards and criteria set forth in the zoning ordinance." Section 603(c)(2) of the MPC, 53 P.S. § 10603(c)(2).[7]

---

*Penn St., L.P. v. E. Lampeter Twp. Zoning Hearing Bd.*, 84 A.3d 1114, 1119 n.4 (Pa. Cmwlth. 2014).

[6] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101-11202.

[7] "Governing body" is defined in Section 107 of the MPC as "the council in cities, boroughs and incorporated towns; the board of commissioners in townships of the first class; the board of supervisors in townships of the second class; the board of commissioners in counties of the second class through eighth class or as may be designated in the law providing for the form of government." 53 P.S. § 10107. Thus, the Commissioners constitute the Township's "governing body" for purposes of the MPC.

The governing body or . . . the planning agency, if designated, shall have exclusive jurisdiction to hear and render final adjudications [regarding]:

. . . .

(3) Applications for conditional use under the express provisions of the zoning ordinance pursuant to [S]ection 603(c)(2) [of the MPC].

Section 909.1 of the MPC, 53 P.S. § 10909.1.[8]

Where the governing body, in the [municipality's] zoning ordinance[], has stated conditional uses to be granted or denied by the governing body pursuant to express standards and criteria, the governing body shall hold hearings on and decide requests for such conditional uses in accordance with such standards and criteria.

Section 913.2(a) of the MPC, 53 P.S. § 10913.2(a).[9] The Township has availed itself of this delegated authority by tasking the Commissioners with exclusive responsibility for adjudicating conditional use applications. As explained in Section 295-19.A. of the Zoning Ordinance, "[t]he [Township's] conditional use approval process is designed to allow the . . . Commissioners to review and approve certain uses that could have significant impacts upon the community and the environment." Zoning Ordinance § 295-19.A. In keeping with this purpose, Section 295-19.B through .D of the Zoning Ordinance mandates that such applications be handled as follows:

B. Procedure. The . . . Commissioners shall consider the conditional use application and render its decision in accordance with the requirements of the [MPC].

. . . .

(2) Reviews.

(a) The Zoning Officer shall provide a review to the . . . Commissioners regarding the

---

[8] Added by the Act of December 21, 1988, P.L. 1329.

[9] Added by the Act of December 21, 1988, P.L. 1329.

5

compliance of the [conditional use] application with this chapter.

(b) The Township shall submit a conditional use application to the Township Planning Commission for review. However, the . . . Commissioners shall meet the time limits for a decision, regardless of whether the Planning Commission has provided comments.

. . . .

(4) Time limit. The . . . Commissioners shall render a written decision on each conditional use application within 45 days after the last hearing on the application or as may be provided otherwise in Section 913.2 of the [MPC], as amended, or such successor provisions. . . .

C. Consideration of conditional use application. The . . . Commissioners shall determine whether the proposed conditional use would meet the applicable requirements of this chapter. . . .

D. Conditions. In approving conditional use applications, the . . . Commissioners may attach conditions it considers necessary to protect the public welfare and meet the standards of this chapter. These conditions shall be enforceable by the Zoning Officer, and failure to comply with such conditions shall constitute a violation of this chapter and shall be subject to the penalties described in this chapter.

Zoning Ordinance § 295-19.B.-.D. It is therefore unmistakably clear that the Commissioners possess sole jurisdictional authority in the Township over conditional use applications and, thus, that they, rather than Ihlen and/or the ZHB, should have adjudicated Smith Land's Application. As a result, the ZHB committed an error of law by concluding otherwise.

Though our disposition of Smith Land's first argument establishes, in itself, a basis for vacating Common Pleas' February 16, 2023 order and remanding this

6

matter to that lower tribunal, in the name of judicial economy, we elect to address Smith Land's second argument regarding the applicability of the pending ordinance doctrine to this matter. This doctrine emanated from the pre-MPC landscape and "permitted municipalities to deny applications for building permits if, at the time of the application, there was a pending ordinance amendment that would prohibit the use sought in the application." *In re Jaindl Land Co.*, 284 A.3d 1314, 1318 (Pa. Cmwlth. 2022). The breadth of the doctrine's applicability was subsequently expanded after its creation, and now encompasses a range of challenges to zoning ordinance provisions. *See Piper Grp., Inc. v. Bedminster Twp. Bd. of Supervisors*, 30 A.3d 1083, 1094-97 (Pa. 2011). Despite this expansion, it is nevertheless well settled that the pending ordinance doctrine must yield where statutory language in the MPC creates an exception that renders the doctrine inapplicable to a given situation. *Jaindl*, 284 A.3d at 1318-21; *see Naylor v. Twp. of Hellam*, 773 A.2d 770, 776 (Pa. 2001) (recognizing that "[t]he pending ordinance rule does not apply to applications for subdivision or land development as they are controlled by section 508(4) of the MPC, [53 P.S. § 10508(4),]" as well as that "Section 508(4) essentially provides that applications for approval of a subdivision plat are governed by ordinances in effect at the time the applications were filed").

Such a situation exists here. Per Section 917 of the MPC:

> When an application for . . . a conditional use has been filed with . . . the . . . governing body, . . . and the subject matter of such application would ultimately constitute either a land development as defined in [S]ection 107 [of the MPC] or a subdivision as defined in [S]ection 107, no change or amendment of the zoning, subdivision or other governing ordinance or plans shall affect the decision on such application adversely to the applicant, and the applicant shall be entitled to a decision in accordance with the provisions of the governing ordinances or plans as they stood at the time the application was duly filed.

7

53 P.S. § 10917.[10] In other words, as long as a conditional use application was filed prior to a pending ordinance's enactment, and the application's subject matter, if turned from proposal into tangible reality, would qualify as an MPC-defined land development or subdivision, then the governing body is prohibited from applying the pending ordinance to the application.

It is indisputable that Smith Land submitted its Application after the Commissioners had begun to actively consider amending the Zoning Ordinance to remove warehousing as a permitted conditional use in the C-G District, but before the Commissioners formally passed Ordinance No. 2022-02 into law. Thus, the question becomes whether the Application's subject matter "would ultimately constitute either a land development as defined in [S]ection 107 [of the MPC] or a subdivision as defined in [S]ection 107[.]" *Id.* The former, land development, is expressly described, in relevant part, as any of the following activities:

> (1) The improvement of one lot or two or more contiguous lots, tracts or parcels of land for any purpose involving:
>
>> (i) a group of two or more residential or nonresidential buildings, whether proposed initially or cumulatively, or a single nonresidential building on a lot or lots regardless of the number of occupants or tenure; or
>>
>> (ii) the division or allocation of land or space, whether initially or cumulatively, between or among two or more existing or prospective occupants by means of, or for the purpose of streets, common areas, leaseholds, condominiums, building groups or other features.
>
> (2) A subdivision of land.

---

[10] Added by the Act of June 23, 2000, P.L. 495.

*Id.* § 10107. The latter, subdivision, constitutes:

> [T]he division or redivision of a lot, tract or parcel of land by any means into two or more lots, tracts, parcels or other divisions of land including changes in existing lot lines for the purpose, whether immediate or future, of lease, partition by the court for distribution to heirs or devisees, transfer of ownership or building or lot development: Provided, however, That the subdivision by lease of land for agricultural purposes into parcels of more than ten acres, not involving any new street or easement of access or any residential dwelling, shall be exempted.

*Id.* As already mentioned, the Application called for the construction of four warehouses on Smith Land's properties. R.R. at 15a. The Application's subject matter "would [therefore] ultimately constitute . . . a land development as defined in [S]ection 107 [of the MPC,]" because, if followed to completion, it would produce at least one nonresidential building. *Id.* § 10917. As such, the pending ordinance doctrine is inapplicable here, such that the amendments made through Ordinance No. 2022-02 to the Township's Zoning Ordinance cannot be applied to the Application.[11]

------

[11] We note that the Township argues that the pending ordinance doctrine is applicable here, due to the fact that Smith Land did not file a land development plan along with, or subsequent to submitting, the Application. Township's Br. at 21-31. However, this argument is completely vitiated by the language used in Section 917 of the MPC, which provides, in relevant part:

> [S]hould [a conditional use] application be approved by . . . the . . . governing body, [the] applicant shall be entitled to proceed with the submission of either land development or subdivision plans within a period of six months or longer as may be approved by . . . the governing body following the date of such approval in accordance with the provisions of the governing ordinances or plans as they stood at the time the application was duly filed before . . . the . . . governing body[.]

53 P.S. § 10917. In other words, a conditional use applicant does not have to submit a land development plan in order to trigger Section 917's exception to the pending ordinance doctrine and need only make such a submission in the event the application is approved.

### III. Conclusion

In light of the foregoing, we vacate Common Pleas' February 16, 2023 order and remand this matter to the lower tribunal. We further direct Common Pleas to then issue an order within 20 days of this remand that vacates the ZHB's Decision and further remands this matter to the ZHB.[12]

_____
ELLEN CEISLER, Judge

---

[12] As for Smith Land's final argument, "given that Common Pleas did not take additional evidence in this zoning appeal, [our role here] is limited to reviewing the [ZHB's] decision, not that of Common Pleas." *Dowds v. Zoning Bd. of Adjustment*, 242 A.3d 683, 695 (Pa. Cmwlth. 2020). Thus, the question of whether Common Pleas' interpretation of the Commissioners' March 9, 2022 resolution was correct is immaterial to the disposition of this appeal.

We nevertheless observe that Smith Land's final argument is based upon a mischaracterization of Common Pleas' legal analysis. Smith Land asserts that Common Pleas erred by determining that the Commissioners barred warehousing as a use in the C-G district via the March 9, 2022 resolution, because the MPC mandates a specific, formal process for amending a zoning ordinance. Smith Land's Br. at 8-11. We, however, read Common Pleas' statement that this resolution "effectively disallowed warehousing as a conditional use in the [C-G district] from that date forward[,]" Common Pleas Order, 2/16/23, at 2, as an awkwardly worded determination that the pending ordinance doctrine was applicable to Smith Land's Application. As we have already addressed that issue *supra*, we need not do so again.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Smith Land & Improvement Corporation,
                    Appellant

          v.                                    :   No. 174 C.D. 2023

Swatara Township Zoning Hearing Board

# **O R D E R**

AND NOW, this 17th day of January, 2024, it is hereby ORDERED that the Court of Common Pleas of Dauphin County's (Common Pleas) February 16, 2023 order is VACATED, as well as that this matter shall be REMANDED to Common Pleas. It is FURTHER ORDERED that Common Pleas shall issue an order within 20 days of this remand that vacates Appellee Swatara Township (Township) Zoning Hearing Board's (ZHB) August 9, 2022 Decision and further remands this matter to the ZHB.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge